**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Docket No. 2:23-56-CR-03 |
| ) | |
| ) | |
| NASIR HUSSAIN   ) | |

### GOVERNMENT'S ASSENTED-TO MOTION FOR A DATE CERTAIN FOR TRIAL

Now comes the United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney, and moves this Court to set October 29, 2024 as a date certain for the start of trial. The parties have discussed the case and believe trial in this matter should take no more than approximately five trial days, to include selection of the jury. Pursuant to D. Vt. L.R. 7(a)(7) and D. Vt. L. Cr. R. 1(b), undersigned government counsel consulted with Kevin M. Henry, Esq., counsel for Defendant Hussain, who assented to this motion.

On August 16, 2024, the parties participated in a chambers conference to discuss possible dates for trial. At that time, the government advised that it believed the Speedy Trial Act required trial in this case to commence on or before October 23, 2024. Thus, the government suggested that a trial date of October 29, 2024 would require a brief continuance under the Act. Since that time, defense filed a motion for release from custody on August 19, 2024. That motion remains pending a tentative hearing date of August 29, 2024. Pursuant to the Speedy Trial Act, the date of the chambers conference (August 16), and at least the 11 days during the August 19-29, inclusive, time from the filing of the motion for release through its resolution will be excluded. 18 U.S.C. § 3161(h)(1)(D); *United States v. Oberoi*, 547 F.3d 436, 454 (2d Cir. 2008) (excluding the date a motion is filed and the date on which it is disposed of from the speedy trial clock, and collecting cases), *vacated and remanded on other grounds*, 559 U.S. 999 (2010). Further, the

government anticipates that the grand jury will return a second superseding indictment on August 22, 2024, that will correct a minor date error and remove Ms. Junaid as a co-defendant, given her change of plea, in preparation for trial. The date for arraignment on such a superseding indictment would also be excluded from the calculation. 18 U.S.C. § 3161(h)(1); *United States v. Lucky,* 569 F.3d 101, 107 (2d Cir. 2009). Thus, at this time, it appears likely that 13 additional days will be excluded under the Act, meaning that either no continuance or a continuance of less than five days will be necessary to set the October 29, 2024 trial date that is amenable to all the parties. The government asks that the Court set the October 29, 2024 trial date and find that a continuance of up to five days, if needed, is appropriate to satisfy the ends up justice under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A). *See United States v. Fox*, 788 F.2d 905, 908-09 (2d Cir. 1986) (noting trial court's "broad discretion" over scheduling matters).

     By setting a trial date for October 29, 2024, the Court will allow the parties ample time to prepare their cases for trial and should allow the Court and parties additional time, as needed, to navigate any remaining procedural challenges presented by the need for an interpreter in communication with the defense and with some of the potential trial witnesses. While the immediate case is relatively straight-forward, the time will also allow the defense to review early Jencks Act materials with a clear understanding of the witnesses in the case and the issues going forward. Further, establishment of a definite trial date well in advance of the trial will allow both parties time to arrange for witness travel and for the government to satisfy its obligations to provide notice to victims in the case who will not be called as witnesses but who may wish to attend to monitor the trial. There are a considerable number of out-of-state witnesses and victims in this case, with logistics further complicated by a potential trial venue of Rutland and the age

and health of the victims.  The early certainty of a trial date will help facilitate coordination of these necessary travel and accommodation logistics.

For these reasons, the government respectfully requests that the Court set trial to commence on October 29, 2024 and to exclude up to five days from the Speedy Trial Act calculation as needed to facilitate the assignment of a certain trial date.

Dated at Burlington, Vermont, on this 20th day of August, 2024.

                                            NIKOLAS P. KEREST
                                            United States Attorney

By:    */s/ Colin Owyang*
        EUGENIA A.P. COWLES
        COLIN G. OWYANG
        Assistant U.S. Attorneys
        U.S. Attorney's Office
        P.O. Box 570
        Burlington, VT 05402
        (802) 951-6725